505 A.2d 1366

William Frank Moore, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

532

Submitted on briefs January 14, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert B. Stewart, III*, Chief Public Defender of Huntingdon County, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, March 10, 1986:

William F. Moore, Jr. (petitioner) was ordered recommitted as a technical parole violator by the Pennsylvania Board of Probation and Parole (Board) for multiple violations.[1] Petitioner's request for administrative relief has been denied and this appeal follows.

On August 2, 1984, petitioner was paroled from the State Correctional Institute at Pittsburgh (SCIP) from a sentence of ten (10) to thirty (30) years for a

---

[1] Petitioner was charged with violating general parole condition 5A (refrain from the use of narcotics) and general condition 5C (refrain from assaultive behavior) which can be found at 37 Pa. Code §63.4.

myriad of convictions.[2] Temporary living arrangements were established for petitioner at the residence of the Catholic Chaplain for SCIP. While living at the Chaplain's residence, the petitioner had full access and use of the telephone. During this period of transient residency, the local police department received a complaint from a female residing in Scott Township. The complainant alleged that she was receiving obscene telephone calls from a male caller threatening to violently rape her. Additionally, the complainant informed the investigating officer that the department was in receipt of an obscene letter she had received in April of 1984.

A tracing device was placed on the complainant's telephone, and it was determined that two calls were placed from the Chaplain's number, as well as from various pay stations. Officer Devlin of the Scott Township Police Department informed the complainant that the calls were dialed from the Chaplain's telephone. The complainant informed the investigators that she had been to SCIP to visit her brother, and had heard the Chaplain speak, and he definitely was not the caller.

Further investigation by Officer Devlin determined that the only other person who had access to the telephone was the petitioner. Upon receipt of this information, a warrant was issued and petitioner was arrested on September 19, 1984.

Prior to his arrest, petitioner had been to visit his parole officer, Thomas Griffith, on September 14, 1984. Petitioner informed his agent that his urine

---

[2] Petitioner was paroled from a sentence of eight (8) counts of burglary, eight (8) counts of theft, aggravated assault, and robbery. His arrest also included five (5) counts of harassment by communication, loitering and prowling at nighttime. Also, petitioner had a sentence for Assault and Battery against three (3) females revoked.

specimen would be tainted for he was not feeling well and had self-administered some prescription medication.

On September 20, 1984, parole officer Griffth, in the presence of petitioner's landlady, searched petitioner's new residence for further parole violations. Griffith's search resulted in the finding of a letter similar in content and handwriting to the one previously received by the female complainant. Criminal charges against petitioner were dismissed due to illegal search and seizure, which defense does not apply in parole board hearings. *Hossback v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 344, 471 A.2d 186 (1984).

Petitioner contends that the charges against him were not proven at his Board hearing. We disagree. There is ample evidence in the record supporting petitioner's recommitment. When substantial evidence in the record supports an order of the Board in a recommitment case, that order must be affirmed. *Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984).

The evidence supporting petitioner's recommitment for violation of parole condition 5A (possession and use of narcotic drugs) is petitioner's own admission that the results of the urine test would prove positive. Petitioner said he had a toothache and self-administered some medication because he had no money and could not obtain a medical card. There seems to be some confusion in the record of what drug petitioner had taken, Percocet or Darvocet. However, petitioner's urinalysis reported traces of three controlled substances (Amphetamine, Methamphetamine, and Tetrahydrocannabinol[3]) which petitioner could not justify.

---

[3] The active chemical component in marijuana.

Petitioner next contends that he did not violate parole condition 5C (refrain from assaultive behavior) for his behavior was not assaultive. Petitioner maintains that the letters and telephone calls were mere threats, and for his behavior to be assaultive, something had to be done beyond a mere threat.

The Board found that these actions constituted more than a mere threat. In *Grundy v. Pennsylvania Board of Probation and Parole*, 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984), we held that the Board's interpretation of its own regulations is entitled to great weight unless clearly erroneous. We find no error in the Board's investigations for petitioner's conduct clearly falls within the definition of assault cited in the Board's brief.[4]

We fail to see how petitioner's conduct could be defined as anything but assaultive in nature. The letters and telephone calls contain repeated statements that the victim was going to be slashed, mutilated, and brutally raped. Such conduct would clearly evoke a reasonable apprehension of bodily harm in any individual. Whether or not the conduct would fall within the definition of an "assault" under the Crimes Code is not definitive of the issue herein involved. It is "clear that the provisions of the Crimes Code and Rules of Criminal Procedure are not directly applicable to recommitment actions of the Board." *Michael v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 173, 175, 481 A.2d 711, 712 (1984).

Assaultive behavior being an independent basis for the recommitment of a parolee, *Simpson v. Pennsyl-*

---

[4] "Inclined toward or disposed to commit assault." *Webster's Third New International Dictionary*, p. 130 (1976). "A violent act with nonphysical weapons," or "a willful offer with force or violence to do hurt to another." *Webster's Third New International Dictionary*, p. 130 (1976).

*vania Board of Probation and Parole,* 81 Pa. Commonwealth Ct. 432, 473 A.2d 753 (1984), coupled with the results of petitioner's urinalysis, amply justify the Board's recommitment of petitioner.[5]

For the above reasons, the order of the Board is affirmed denying petitioner's petition for administrative relief.

### ORDER

AND Now, this 10th day of March, 1986, the order of the Pennsylvania Board of Probation and Parole, dated August 2, 1985, at Parole No. 6884-J, denying administrative relief is affirmed.

---

[5] The presumptive range for petitioner's violations was six (6) to eighteen (18) months. However, due to his violent nature, and his threat to the community, petitioner was given a total of thirty-six (36) months to serve backtime, pursuant to 37 Pa. Code §75.3.