573 A.2d 1173

**Alan L. DUNKLEBERGER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 1990.

Decided April 23, 1990.

Scott D. Moore, Asst. Public Defender, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

CRAIG, Judge.

Alan Dunkleberger appeals an order of the Pennsylvania Board of Probation and Parole which denied his request for administrative relief from an order recommitting him as a technical parole violator for failing to refrain from "assaultive behavior," as required by condition 5c of his parole agreement and general parole conditions under 37 Pa.Code § 63.4(5)(iii). The pivotal issue here is whether a conditional threat of violence constitutes "assaultive behavior."

In 1986, the board had paroled Dunkleberger after he served two years and nine months on a burglary conviction. On February 7, 1989, board agents arrested Dunkleberger and charged him with violating parole condition 5c.

On May 16, 1989, the board held a violation hearing for Dunkleberger. At the hearing, Paula Reber, Dunkleberger's pregnant former girlfriend, testified that, on January 26, 1989, Dunkleberger threatened to "kill her" if anything happened to their unborn child. At the time of the incident, Reber dated another person but carried Dunkleberger's unborn child. According to Reber, Dunkleberger showed concern about the health of their unborn child, as well as the effect of Reber's sexual activities during pregnancy on the unborn child's health. Reber further stated that her doctor had instructed her to abstain from sexual intercourse during portions of her pregnancy.

On June 19, 1989, the board, relying on Reber's testimony, recommitted Dunkleberger for six (6) months as a technical parole violator for violating parole condition 5c.[1]

1. The board's June 19, 1989 determination also recommitted Dunkleberger for an additional twelve (12) months for violating special

Dunkleberger filed a timely request for administrative relief, which the board denied on August 23, 1989, and this appeal followed.[2]

Dunkleberger contends that the board's order lacked substantial evidence support because he never struck or harmfully touched Reber, and his statement only admonished Reber not to harm their unborn child through her sexual activities.

■ Initially, we note that an "assault" is generally defined as:

Any willful attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability so to do, and any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an assault. An assault may be committed without actually touching, or striking, or doing bodily harm, to the person of another.

Black's Law Dictionary 105 (5th ed. 1979). Words alone, no matter how threatening, cannot constitute an assault. The actor must be in a position to carry out the threat immediately and must take some affirmative step to do so. *See Cucinotti v. Ortmann*, 399 Pa. 26, 159 A.2d 216 (1960) (oral threats, without any overt act or present ability to carry out threat, does not constitute an assault.).[3]

parole condition 6 (no consumption of alcoholic beverages) of his parole agreement. However, this appeal only addresses the portion of the board's June 19, 1989 determination which recommitted Dunkleberger on a condition 5c violation.

**2.** Our scope of review is limited to determining whether the board violated any constitutional rights, committed any errors of law, or whether substantial evidence supports the board's order. *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa.Commonwealth Ct. 356, 487 A.2d 90 (1985).

**3.** *See also Bechtel v. Combs,* 70 Pa.Superior Ct. 503 (1918) (threat in letter to call police to remove person forcibly does not constitute an assault); *Krochalis v. Insurance Company of North America,* 629 F.Supp. 1360 (E.D.Pa.1985) (threats, made by personnel director over the telephone, which directed security guards either to take workers to personnel office or to remove workers from premises, does not constitute an assault.).

■ However, in this case, the board does not have to prove that Dunkleberger's statement constituted an "assault." Rather, Dunkleberger's actions must fit the broader concept of "assaultive behavior" under 37 Pa.Code § 63.4(5)(iii).

In *Moore v. Pennsylvania Board of Probation and Parole*, 95 Pa.Commonwealth Ct. 531, 505 A.2d 1366 (1986), *appeal denied*, 516 Pa. 619, 531 A.2d 1121 (1987), the board recommitted the petitioner because he sent threatening letters and made threatening telephone calls while on parole. The petitioner in *Moore* contended that the letters and telephone calls constituted mere threats, and not "assaultive behavior," because he never acted on those threats.

This court determined that "assaultive behavior" included "a willful offer with force or violence to do hurt to another." *Moore*, 95 Pa.Commonwealth Ct. at 535 n. 4, 505 A.2d at 1367 n. 4. Moreover, in affirming the board's recommittal order, this court stated that:

> We fail to see how petitioner's conduct could be defined as anything but assaultive in nature. The letters and telephone calls contain repeated statements that the victim was going to be slashed, mutilated, and brutally raped. Such conduct would clearly evoke a reasonable apprehension of bodily harm in any individual. *Whether or not the conduct would fall into the definition of "assault" under the Crimes Code is not definitive of the issue herein involved.* (Emphasis added.)

*Moore*, 95 Pa.Commonwealth Ct. at 535, 505 A.2d at 1367.

On the other hand, the court in *General Machine Corp. v. Feldman*, 352 Pa.Superior Ct. 180, 507 A.2d 831 (1986), determined that a conditional threat of violence did not constitute an "assault." In that case, an attorney refused to return a client's file and made physical threats to the client if he attempted to recover the file. The client then brought suit against the attorney for assault, and the court stated that:

> The court below dismissed this count noting that [the attorney's] threatening words alone were insufficient to

place [the client] in reasonable apprehension of physical injury or offensive touching. After careful review of this matter, we agree with the trial court that the alleged threat here was conditional and thus did not reflect a present purpose to do harm. According to our supreme court's decision in *Cucinotti v. Ortmann,* "threatening words alone are insufficient to put a person into reasonable apprehension of physical injury of offensive touching; rather, the actor must be in a position to carry out threats immediately and must take some affirmative action to do so."

*General Machine,* 352 Pa.Superior Ct. at 185, 507 A.2d at 833–34. (Citations omitted.)

Although Dunkleberger's statement may be considered a conditional threat under the general definition of "assault," we conclude that his statement fits the "assaultive behavior" definition under § 37.4(5)(iii) because his statement constituted "a willful offer with force or violence to do hurt to another." *Moore.*

Unlike in *General Machine,* where the outcome of the conditional threat depended upon the client's action to recover his file, Dunkleberger stated that he would kill Reber *if anything happened to their unborn child.* Thus, according to the statement, events beyond Reber's control could have triggered violence from Dunkleberger.

Accordingly, we affirm the board's order.

### ORDER

NOW, April 23, 1990, the order of the Pennsylvania Board of Probation and Parole, dated August 23, 1989, which denied Alan Dunkleberger's request for administrative relief from the board's order recommitting him as a technical parole violator to serve six (6) months of backtime for violating parole condition 5c, is affirmed.