Melvin JOHNSON, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 9, 1997.

Decided Feb. 4, 1998.

John C. Armstrong, Norristown, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before COLINS, President Judge, and SMITH and FRIEDMAN, JJ.

COLINS, President Judge.

Melvin Johnson (Johnson) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from its previous order recommitting him to serve twelve months backtime as a technical parole violator.

The relevant facts are as follows. On April 5, 1995, Johnson was paroled by the Board from the State Correctional Institution at Pittsburgh. While on parole, on December 1, 1995, Johnson drove his cousin to attend her boyfriend's preliminary hearing on criminal charges against him. Upon arriving at the hearing, Johnson's cousin approached Tasha Taylor (Ms. Taylor), who was to appear as a witness at the hearing. Johnson's cousin sat next to Ms. Taylor in the courtroom and offered her money if she agreed not to testify at the hearing. Johnson sat behind Ms. Taylor. Johnson tapped Ms. Taylor on the shoulder and said, "[y]ou don't got to testify against him ... [d]on't go out on a brother." (Certified Supplemental Record, p. 15).

A friend of Ms. Taylor reported this incident to a police officer in the courtroom, and Johnson was subsequently charged with intimidation of a witness, obstructing a witness, hindering apprehension, retaliation against a witness, terroristic threats, and conspiracy. The Board detained Johnson pending the disposition of the criminal charges. On July 23, 1996, the criminal charges against Johnson arising out of the foregoing incident were discharged.

On October 10, 1996, the Board held a panel hearing, following which, the Board found that Johnson's conduct during the foregoing incident constituted "assaultive behavior" in violation of parole condition 5C found at 37 Pa.Code § 63.4(5)(iii).[1] Accordingly, the Board recommitted Johnson as a technical parole violator to serve twelve months backtime. On November 27, 1996, Johnson filed a petition for administrative relief with the Board, which was denied by order dated April 17, 1997. It is from this order that Johnson now appeals.

Johnson argues that the Board's finding that he engaged in assaultive behavior was not supported by substantial evidence of record. Specifically, he asserts that the record fails to show that he made threats of physical harm toward another, and that therefore, his conduct did not rise to the level of assaultive behavior. We agree.

Initially, we note that our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Shaffer v. Pennsylvania Board of Probation and Parole*, 675 A.2d 784 (Pa.Cmwlth.1996). Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa.Cmwlth. 49, 484 A.2d 413 (1984).

While the term assaultive behavior is not statutorily defined, this Court has held as-

---

1. 37 Pa.Code § 63.4(5)(iii) specifies that upon granting parole, the parolee shall "[r]efrain from assaultive behavior."

saultive behavior to include threats of physical harm. *Moore v. Pennsylvania Board of Probation and Parole*, 95 Pa.Cmwlth. 531, 505 A.2d 1366 (1986), *petition for allowance of appeal denied*, 516 Pa. 619, 531 A.2d 1121 (1987). In *Moore*, a parolee was recommitted by the Board for assaultive behavior when he made threatening phone calls to a victim stating that he would slash, mutilate, and brutally rape her. On appeal, the parolee argued that because, under the Crimes Code,[2] more than mere threats were needed for assault, he did not engage in assaultive behavior. In holding that the parolee had engaged in assaultive behavior, we noted that the definition of assault in the Crimes Code was not controlling and, instead, applied the ordinary dictionary meaning of the term "assault," that being, 1) a violent physical or verbal attack; and 2) an apparent violent attempt or a willful offer of force or violence to do hurt to another without the actual doing of the hurt threatened. Because we concluded in *Moore* that the parolee's conduct would clearly evoke a reasonable apprehension of bodily harm in any individual, his behavior was assaultive.

Here, although Ms. Taylor testified at the hearing before the Board that she felt intimidated by Johnson's statement, it is clear that Johnson did not make any threats of physical harm toward her. As noted, Johnson, according to Ms. Taylor's testimony, stated, "[y]ou ain't got to go out on a brother … [d]on't go out on a brother." (Certified Supplemental Record, p. 15). We do not view this statement to be one that would evoke a reasonable apprehension of bodily harm in any individual.

Based on the foregoing, we conclude that Johnson's statement to Ms. Taylor did not constitute assaultive behavior as determined by the Board. Accordingly we reverse its order recommitting Johnson as a technical parole violator.

### ORDER

AND NOW, this 4th day of February, 1998, the order of the Pennsylvania Board of Probation and Parole dated April 17, 1997 is reversed.