

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Johnson v. Knorr

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2870

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Johnson v. Knorr" (2005). *2005 Decisions.* Paper 1226.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1226

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2870

GAMAL JOHNSON,
Appellant

v.

DAVID M. KNORR, Individually and as a Parole
Officer for the Commonwealth of Penna.;
WILLIAM JONES, Individually and as a Parole
Officer for the Commonwealth of Penna.;
COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION
AND PAROLE; JOHN DOE, Individually and as a
Police Officer for the City of Philadelphia;
RICHARD ROE, Individually and as a Police Officer
for the City of Philadelphia; CITY OF
PHILADELPHIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 01-CA-3418
District Judge: The Honorable Legrome D. Davis

_____

Argued March 29, 2005

Before: ALITO, SMITH, and BECKER, *Circuit Judges*

(Filed: May 10, 2005)

Martin Stanshine (Argued)
Stanshine & Sigal, P.C.
1528 Walnut St., Suite 700
Philadelphia, PA 19102

*Counsel for Appellant*

Patrick J. McMonagle (Argued)
Calvin R. Koons
John G. Knorr, III
Office of Attorney General
21 S. 12th St., 3rd Floor
Philadelphia, PA 19107

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

Gamal Johnson challenges the District Court's granting of summary judgment to the defendants on his civil rights claim alleging that Pennsylvania Board of Probation and Parole Agent David Knorr arrested Johnson without probable cause. Johnson also appeals the District Court's denial of leave to file an amended complaint to add a malicious prosecution claim, which claim Johnson first alleged at the summary judgment stage of the proceedings. Johnson asserts both actions as constitutional violations, invoking 42 U.S.C. § 1983. The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction under 28 U.S.C. § 1291. Knorr, as an individual but not as a government official, is the only remaining defendant.

For the reasons that follow, we will affirm the grant of summary judgment on the false arrest claim and will reverse the denial of leave to amend the complaint to assert a malicious prosecution claim. We will remand to the District Court for further proceedings.

2

**Facts**

The following facts, taken in a light most favorable to Appellant Johnson, who was the non-moving party on the motion for summary judgment, are culled from the substantial record before us. The relevant facts related to the denial of Johnson's motion to amend his complaint are uncontested.

On September 6, 2000, Gamal Johnson was in a waiting room with about a dozen other probationers when another probationer apparently had an epileptic seizure. Upon hearing the ensuing commotion, Agent Knorr exited his office and confronted Johnson, who was kneeling over the stricken probationer. Johnson implored Knorr to render aid. In response, Knorr repeatedly cursed Johnson and pushed him out of the way. Knorr and Johnson exchanged angry words. When Knorr, uttering profanity, also ordered Johnson to leave the waiting room area and enter one of the offices, Johnson replied that Knorr "better call some other people out of the back or something." Knorr testified that he interpreted Johnson's remark as a threat.

Johnson eventually walked toward the indicated office, with Knorr close behind. As they neared the office, Knorr pushed Johnson into the door, which swung open and struck Agent Jones. Angry curses were exchanged again, and Johnson was subdued, handcuffed, and arrested. Knorr contacted Philadelphia police, and based solely on Knorr's version of the confrontation, Johnson was charged with simple assault, aggravated assault, terroristic threats, and reckless endangerment.

Johnson was held for two days, and the charges were dismissed at Johnson's preliminary hearing six weeks later. On May 29, 2001, Johnson filed suit in the Court of Common Pleas against Knorr alleging, *inter alia*, unlawful search and seizure, unlawful arrest and imprisonment, and due process violations under the 4th, 5th, and 14th amendments of the federal Constitution. The defendants removed the case to federal court.

After denying Knorr's motions for summary judgment and for reconsideration, the District Court requested supplemental briefing on the rule of *Barna v. City of Perth Amboy*, 42 F.3d 809 (3d Cir. 1994), which teaches that if probable cause to arrest existed for any crime, no matter how minor, then no unconstitutional arrest claim can be maintained. In his supplemental brief, Johnson argued for the first time that he had stated a claim under a malicious prosecution theory, grounded not in the probation office confrontation, but in Knorr's statements about the incident made to Philadelphia police which led to Johnson's prosecution.

On June 11, 2004, the District Court ruled that because Knorr had probable cause to arrest Johnson for terroristic threats, Johnson's originally asserted constitutional false arrest claim must fail. Regarding the malicious prosecution claim, the District Court concluded:

> Johnson's request for leave to file an amended complaint
> comes more than a year and a half after the close of discovery,
> after Defendants' Motion for Summary Judgment was fully
> briefed, after the parties submitted their pre-trial memoranda,

4

and roughly three weeks after the scheduled trial of this lawsuit on March 17, 2004. Moreover, Johnson's malicious prosecution claim is based on facts of which he was well aware before the close of discovery. The Court finds that Johnson's request to amend is untimely and thus the amendment would be unduly prejudicial to Agent Knorr. Accordingly, Johnson's request for leave to amend is denied.

**False Arrest**

Our review of the District Court's grant of summary judgment is plenary, and we apply the same test as the District Court. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976). Viewing the facts in the light most favorable to the non-moving party, a grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

We agree with the District Court that Agent Knorr had probable cause to arrest Johnson for making terroristic threats. Under Pennsylvania law, one "commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another." 18 PA. CONS. STAT. § 2706(a)(1) (2004). Even assuming, as we must at this stage, that Agent Knorr initiated and escalated the confrontation, we conclude that Johnson's statement to Knorr that he "better call some other people out of the back or something" provided probable cause to believe that Johnson had uttered a terroristic threat. Johnson essentially concedes as

5

much on pages 24-25 of his brief.

We recognize that the terroristic threats statute "was not designed to penalize spur-of-the-moment threats that arise out of anger in the course of a dispute." *Commonwealth v. Tizer*, 684 A.2d 597, 600 (Pa. Super. 1996); 18 PA. CONS. STAT. ANN. § 2706 – Official Comment 1972. While this interpretation would seem to insulate Johnson from conviction for making terroristic threats, we cannot demand that probation officers make such nuanced legal determinations on the fly. We ask here only whether Agent Knorr had probable cause to believe Johnson had committed the crime. Further, we agree with the District Court that context matters. The altercation between Knorr and Johnson occurred in a full probation office waiting room and in the dynamic situation of another probationer suffering a seizure in the same room. Whether Knorr misread or overreacted to the situation, Johnson admitted that rather than retreat as ordered, he engaged in a face-to-face confrontation with the agent. This context weighs in favor of finding that Knorr had probable cause to arrest Johnson for making terroristic threats. Upon this basis, the arrest was justified and Johnson's unconstitutional arrest claim must fail. *Barna*, 42 F.3d at 819.

**Malicious Prosecution**

Our review of the denial of Johnson's request to amend his complaint is for an abuse of discretion. *Berger v. Edgewater Steel*, 911 F.2d 911, 916 (3d Cir. 1990).

After recounting the multiple rounds of briefing and noting that discovery had long

6

since closed, the District Court denied Johnson's request for leave to file an amended complaint to assert a malicious prosecution claim. The District Court stated that "Johnson's request to amend is untimely and thus the amendment would be unduly prejudicial to Agent Knorr. Accordingly, Johnson's request for leave to amend is denied."

Although we share the District Court's frustration with Johnson's long delay before explicitly seeking to assert a malicious prosecution claim,[1] we believe the District Court erred by equating delay on Johnson's part with prejudice to Agent Knorr. "Delay alone ... is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

In his brief to this Court, Knorr did not specify how allowing the amendment would be prejudicial to him. At oral argument, Knorr's counsel asserted that allowing the malicious prosecution claim to go forward would be prejudicial because additional discovery would have to be conducted. When pressed, however, counsel could not state a single fact necessary to a summary judgment inquiry on the claim that was not already part of the extensive record. Though the focus of the inquiry on remand will shift from

---

[1] In light of the fact that our notice pleading regime is supplemented by a liberal standard for granting plaintiffs leave to amend, *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984), we note that paragraph 14 of Johnson's complaint alleges that Knorr related to Philadelphia police the false claim that Johnson had assaulted the agent, and that paragraph 27 alleges that Knorr's actions were "malicious."

the altercation to Knorr's discussions with Philadelphia police and prosecutors, the existing deposition testimony of Philadelphia Police Department Detective Dove and Assistant District Attorney Francis should be sufficient for any pre-trial motions concerning the malicious prosecution claim. However, this question, as well as the defenses Knorr avers would make prolonging this case futile, have not been briefed, and are in any event best addressed by the District Court in the first instance.

**Conclusion**

We will affirm the grant of summary judgment for Knorr on Johnson's constitutional claims related to his false arrest theory. We will reverse the District Court's denial of Johnson's request to amend his complaint to assert constitutional violations under a malicious prosecution theory, and will remand the case to the District Court for further proceedings.

BECKER, *Circuit Judge*, concurring in part and dissenting in part.

I join the majority's decision to reverse and remand on the malicious prosecution issue. However, I part company with the majority on its finding that Knorr had probable cause to arrest Johnson for making terroristic threats. I would reverse on this issue as well, and remand for further proceedings.

8

The crime of making terroristic threats, under 18 Pa. Cons. Stat. § 2706(a)(1), is exactly what it sounds like: it requires threatening violence with the intent to cause terror, and "was not designed to penalize spur-of-the-moment threats that arise out of anger in the course of a dispute." *Commonwealth v. Tizer*, 684 A.2d 597, 600 (Pa. Super. Ct. 1996). Even if Johnson's rather opaque comment that Knorr "better call some other people out of the back or something" could be considered a threat, it certainly was not a *terroristic* threat. Numerous Pennsylvania cases make it clear that threats made during "a heated verbal exchange or a heated confrontation," *In re J.H.*, 797 A.2d 260, 263 (Pa. Super. Ct. 2002), or "an exchange of threats made during a heated, perhaps hysterical, argument," *Commonwealth v. Anneski*, 525 A.2d 373, 376 (Pa. Super. Ct. 1987), do not constitute the offense of making terroristic threats. *See also Commonwealth v. Reynolds*, 835 A.2d 720, 730 (Pa. Super. Ct. 2003); *Commonwealth v. Kidd*, 442 A.2d 826 (Pa. Super. Ct. 1982).

Although the majority acknowledges this precedent and, in my view, implicitly concedes that Johnson did not make terroristic threats under the Pennsylvania jurisprudence, it attempts to shift the playing ground by noting that the issue here is only one of probable cause, and that "we cannot demand that probation officers make such nuanced legal determinations on the fly." *Ante* at 6. But, given the clarity of the law, no reasonable parole officer should have difficulty in distinguishing a heated argument from a calculated terroristic threat. Probable cause requires facts "sufficient in themselves to

9

warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175-176 (1949) (citations and internal quotation marks omitted). I simply cannot see how a reasonable man could believe that Johnson had committed the offense of terroristic threats based on his conduct in the parole office.

Noting that "context matters," the majority decides that the charged atmosphere of the probation office "weighs in favor of finding that Knorr had probable cause to arrest Johnson for making terroristic threats." *Ante* at 6. I respectfully disagree. In fact, the Pennsylvania cases suggest that the opposite is the case: the heated confrontation and mutual exchange of obscenities, in the context of the need to aid the stricken epileptic, should have made it even clearer to Knorr that Johnson's alleged threat was not a violation of section 2706. *See, e.g.*, *In re J.H.*, 797 A.2d at 263 ("[A] Court must consider the totality of circumstances to determine whether the threat was a result of a heated verbal exchange or confrontation."). Context does indeed matter, but the context of Johnson and Knorr's dispute is the best reason for finding that Knorr *lacked* probable cause to arrest Johnson.[2]

_____

[2]The majority correctly notes that, under *Barna v. City of Perth Amboy*, 42 F.3d 809 (3d Cir. 1994), probable cause to arrest a person for *any* crime insulates the arresting officer from all unconstitutional arrest claims. Although not raised in the District Court, and not briefed here, I note the probability that Knorr might have had probable cause to arrest Johnson for, among other things, a violation of his probation. See 37 Pa. Code § 63.4(5)(iii) (2004) (requiring parolees to "[r]efrain from assaultive behavior"); *Moore v. Pa. Bd. of Probation & Parole*, 505 A.2d 1366, 1367 & n.4 (Pa. Commw. Ct. 1986)

For the above reasons, I respectfully dissent from the majority's decision affirming the grant of summary judgment on the false arrest claim.

---

(defining "assaultive behavior" to include "a willful offer with force or violence to do hurt to another"). If this was the case, then summary judgment in favor of Knorr would be appropriate under *Barna*, even though Johnson was not actually arrested for probation violation.