James M. MALARIK, Petitioner

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 3, 2011.
Decided July 18, 2011.

L. Anthony Bompiani, Greensburg, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

James M. Malarik (Malarik) petitions for review of the November 29, 2010 order of the Pennsylvania Board of Probation and Parole (Board) affirming the revocation of his parole. The issues before this Court are: (1) whether the Board's revocation of Malarik's parole for violation of

condition 5(c) violated his constitutional right to free speech; and (2) whether the Board erred by finding that the handwriting and mailing of a letter soliciting donations for the purpose of kidnapping and executing Judge C. Gus Kwidis (Judge Kwidis) of the Court of Common Pleas of Beaver County constitutes assaultive behavior. For the reasons that follow, we affirm the Board's order.

On December 1, 2009 the Board paroled Malarik from a five-year sentence, subject to certain conditions. Section 5(c) of the conditions governing his parole required that Malarik shall "refrain from any assaultive behavior." Certified Record (C.R.) at 7. On July 7, 2007, Malarik admitted to his parole agent that he wrote and distributed a letter soliciting $20,000.00 in donations so that a "hit team squad can kidnap and decapitate Judge Kwidis like Daniel Pearl in Pakistan.... to wack" him. C.R. at 36. Malarik was arrested and charged with violation of parole condition 5(c).

■ On September 23, 2010, following a hearing at which Malarik again admitted having written the letter, the Board issued an order recommitting Malarik to a state correctional facility for violation of parole condition 5(c). Malarik filed a timely petition for administrative appeal. By determination issued November 29, 2010, the Board affirmed the September 23, 2010 revocation decision. Malarik appealed to this Court.[1]

■ Malarik argues on appeal that the Board's revocation of his parole for violation of condition 5(c) violated his constitutional right to free speech. The record reveals that Malarik raised the issue of an alleged violation of his constitutional right for the first time in his Amended Petition for Review filed with this Court. Pa. R.A.P. 1551(a) states in pertinent part: "Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. No question shall be heard or considered by the court which was not raised before the government unit...." This Court has specifically held that where an issue is "not raised before the Board in either the revocation hearing or in [a parolee's] administrative appeal, the issue has been waived and cannot be considered for the first time in his judicial appeal." *Dear v. Pennsylvania Bd. of Prob. and Parole,* 686 A.2d 423, 426 (Pa.Cmwlth.1996). Moreover, although Malarik mentions the issue of his free speech rights in his brief, he does so only in passing, without supplying any legal support for his position, and fails to address it in his statement of questions involved. Pa.R.A.P. 2116(a) states, in relevant part: "No question will be considered unless it is stated in the statement of questions involved, or is fairly suggested thereby." Because Malarik had the opportunity, but failed to raise the constitutional issue in his administrative appeal to the Board, and failed to properly raise it in his brief to this Court, he has waived that argument. Thus, it will not now be considered by this Court.

■ Malarik also argues on appeal that the Board erred as a matter of law and abused its discretion when it determined that Malarik's writing of the subject letter constituted assaultive behavior. Specifically, Malarik argues that because his writing of the letter did not evoke a reasonable apprehension of bodily harm in

1. "Our review in a parole revocation action is limited to determining whether the findings were supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law." *Flowers v. Pennsylvania Bd. of Prob. and Parole,* 987 A.2d 1269, 1271 n. 3 (Pa. Cmwlth.2010).

Judge Kwidis, it cannot be deemed assaultive behavior. We disagree.

 "The Board has broad discretion to administer the parole laws, and the Court will defer to the Board's interpretation of its regulations if it is consistent with statutory authority and is not clearly erroneous." *Jackson v. Pennsylvania Bd. of Prob. and Parole*, 885 A.2d 598, 601 (Pa.Cmwlth.2005). Relative to assaultive behavior, this Court has stated:

> Although the Board's regulations require that parolees refrain from assaultive behavior, the regulations do not provide a definition of 'assault.' 37 Pa.Code § 63.4(5)(iii) (relating to general conditions of parole). However, this Court recognizes '[a]ssaultive behavior encompasses a broader category of actions than would the crime of assault, and thus actions that would not constitute a crime may nonetheless be sufficient grounds for revocation of parole.' *Jackson v. Pa. Bd. of Prob. & Parole*, 885 A.2d 598, 601 (Pa.Cmwlth.2005).

> Moreover, in the context of parole violations, assaultive behavior is defined under the ordinary dictionary definition of assault. *Moore v. Pa. Bd. of Prob. & Parole*, 95 Pa.Cmwlth. 531, 505 A.2d 1366 (1986). Webster's Collegiate Dictionary, 73 (11th ed.2003) defines assault as: '1 a: [A] violent physical or verbal attack.... [and] 2 a: [A] threat or attempt to inflict offensive physical contact or bodily harm on a person (as by lifting a fist in a threatening manner) that puts the person in immediate danger of or in apprehension of such harm or contact.'

*Flowers v. Pennsylvania Bd. of Prob. and Parole*, 987 A.2d 1269, 1271–72 (Pa. Cmwlth.2010). Accordingly, a threat that places an individual in apprehension of bodily harm can constitute assaultive behavior, as that term is used in parole condition 5(c). Specifically, this Court has deemed that the sending of letters by a parolee to an individual threatening mutilation and rape constitutes assaultive behavior that may result in a parolee's recommitment. *Moore*. This Court has also reached such a conclusion in the absence of specific testimony that the victim was, in fact, in apprehension of bodily harm. *See Dunkleberger v. Pennsylvania Bd. of Prob. and Parole*, 132 Pa.Cmwlth. 600, 573 A.2d 1173 (1990); *Moore*. In *Moore*, this Court recommitted a parolee based upon his threat of mutilation and rape because "[s]uch conduct would clearly evoke a reasonable apprehension of bodily harm in any individual." *Id.*, 505 A.2d at 1367. As pointed out by the Board, in *Butterfield v. Pennsylvania Board of Probation and Parole*, this Court deemed verbal threats assaultive behavior violative of parole condition 5(c) even when the target of the threat, just as in this case, did not receive the threat first hand. (Pa.Cmwlth., 1030 C.D.2010, filed October 28, 2010).[2]

There is no question in this case that letters were drafted and distributed by Malarik seeking money to fund the kidnapping and murder of Judge Kwidis. Although the letters were not sent directly to Judge Kwidis, and even without testimony from Judge Kwidis, we believe that the threat posed by Malarik's letters to Judge Kwidis' life would place any person in reasonable apprehension of bodily harm and, therefore, the drafting and distribution of said letters constituted assaultive behavior. Because Malarik failed to refrain from assaultive behavior, he clearly violated condition 5(c) of his parole. Accordingly, the

---

**2.** Section 414 of this Court's Internal Operating Procedures was amended effective January 1, 2011, thereby authorizing the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent.

Board did not err by finding the same. The Board's order is, therefore, affirmed.

## ORDER

AND NOW, this 18th day of July, 2011, the November 29, 2010 order of the Pennsylvania Board of Probation and Parole affirming the revocation of Malarik's parole for violation of parole condition 5(c) is affirmed.