IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelo Shawn Randolph,              :
            Petitioner          :
                                :  No.  586 C.D. 2019
            v.                :
                                :  Submitted: October 18, 2019
Pennsylvania Board of Probation  :
and Parole,                    :
            Respondent     :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                            FILED:  January 15, 2020

David Crowley, Esquire (Counsel), of the Centre County Public Defender's Office, has filed an Application for Leave to Withdraw as Counsel on behalf of Angelo Shawn Randolph (Randolph). Randolph petitions for review of the April 25, 2019 order of the Pennsylvania Board of Probation and Parole (Board), denying his request for administrative relief and rejecting challenges to his recommitment and the rescission of his automatic reparole date. We grant Counsel's application to withdraw and affirm the Board's order.

On April 24, 2005, following his convictions of third-degree murder, criminal attempt, and various firearm offenses, a trial court sentenced Randolph to 15 to 30 years' imprisonment. At the expiration of his minimum sentence, November 24, 2017, the Board released Randolph on parole. In a decision dated July 17, 2018, the

Board recommitted Randolph as a technical parole violator (TPV) and ordered him to serve six months' backtime. In this decision, the Board stated that Randolph would automatically be paroled on November 21, 2018, on condition that he, *inter alia*, did not commit a prison disciplinary infraction involving assaultive behavior. (Certified Record (C.R.) at 7-8, 18-20, 32, 36, 39-41, 45.)

On August 19, 2018, while he was incarcerated, Randolph was involved in an altercation with another inmate and charged with the "behavioral infractions" of being in an unauthorized area and fighting. At a behavioral infraction conference, Randolph admitted that he was in an unauthorized area but denied that he was guilty of fighting. In his defense statement to the charge of fighting, Randolph stated that he had a confrontation with the inmate regarding their agreement to exchange food items and that he "went over and grabbed him," *i.e.*, the inmate, but claimed that "he didn't hit him." (C.R. at 52.) Following a misconduct hearing, the Board, relying on video surveillance, found that Randolph choked the inmate and determined that he "committed a disciplinary infraction involving assaultive behavior." (C.R. at 56.) Consequently, the Board voted to "rescind automatic reparole" and recalculated Randolph's reparole date, extending it to "18 months from the misconduct date." *Id.* The Board confirmed these findings and conclusions in a decision dated November 14, 2018, wherein it determined that Randolph would not be eligible for reparole until February 19, 2020. (C.R. at 51, 53-54, 62.)

On November 26, 2018, Randolph filed administrative appeals from the Board's decisions dated July 17, 2018, and November 14, 2018. In a decision mailed April 25, 2019, the Board affirmed its prior decisions. In doing so, the Board noted that with respect to its July 17, 2018 recommitment decision, Randolph waived his right to a hearing and admitted that he violated the technical conditions of his parole.

2

(C.R. at 66-67.) Regarding its November 14, 2018 decision rescinding Randolph's automatic reparole date, the Board cited section 6138(d)(5)(i) of the Prisons and Parole Code (Parole Code),[1] 61 Pa.C.S. §6138(d)(5)(i), and noted that Randolph "committed a disciplinary infraction involving assaultive behavior, which was the basis for rescinding [his] automatic reparole date." (C.R. at 71.)

On May 15, 2019, Counsel filed a petition for review in this Court, alleging that the Board was without authority, and did not adduce sufficient evidence, to recommit Randolph as a TPV. Counsel also asserted that the Board lacked a legitimate basis to rescind Randolph's automatic reparole date.

On August 5, 2019, Counsel filed an application for leave to withdraw and an *Anders* brief,[2] detailing the reasons why he determined that Randolph's appeal lacks merit.

Before examining the merits of Randolph's petition for review, we must first address Counsel's application for leave to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In order to withdraw, Counsel must fulfill the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Under *Craig*, counsel must notify the petitioner of his request to withdraw, furnish the petitioner with either a copy of a brief complying with *Anders* or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and inform the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Craig*, 502 A.2d at 760-61.

---

[1] 61 Pa.C.S. §§101-6309.

[2] *Anders v. California*, 386 U.S. 738 (1967).

"Where an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer*, 996 A.2d at 42-43. Substantively, a no-merit letter must include the following: (1) the nature and extent of counsel's review; (2) the issues the parolee wishes to raise; and (3) counsel's analysis in concluding the parolee's appeal is without merit. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). We require counsel to comply with these requirements to ensure that a petitioner's claims are considered and that counsel has substantial reasons for concluding the claims are without merit. *Zerby*, 964 A.2d at 962. Once counsel fully complies with the procedural and substantive requirements to withdraw, this Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

In the present case, Counsel notified Randolph that he was seeking leave to withdraw and provided him with a copy of the application to withdraw and the *Anders* brief, which addressed the issues that Randolph asserted below and were raised in the petition for review. Counsel also advised Randolph of his right to obtain substitute counsel or file a brief on his own behalf. In addition, Counsel's *Anders* brief reflects that he has thoroughly reviewed the record in this matter and the applicable law, setting forth his reasons for concluding that the appeal is meritless. Therefore, we conclude that Counsel has complied with the procedural and substantive requirements to withdraw.

Having made this determination, we now conduct our own independent review to determine whether Randolph's appeal is, in fact, without merit. An appeal is without merit when it lacks any basis in law or fact. *Commonwealth v. Santiago*, 978 A.2d 349, 356 (Pa. 2009).

4

On appeal,[3] Randolph asserts that the Board erred in recommitting him as a TPV because it did not have an adequate basis to do so.[4]   However, the record indicates that Randolph waived his right to counsel and a hearing.  (C.R. at 26-27.) The record further establishes that Randolph signed an admission form admitting that he committed the conduct that resulted in and warranted his recommitment as a TPV, *i.e.*, failing to successfully complete a residential placement program and engaging in assaultive behavior toward staff that worked there.  (C.R. at 27.)  This Court has held that where, as here, a petitioner admits that he violated the terms and conditions of his parole and waives his right to a hearing, the statements in the waiver and admission forms are sufficient evidence, in and of themselves, to justify recommitment as a TPV. *See McKenzie v. Pennsylvania Board of Probation and Parole*, 963 A.2d 616, 620-21 (Pa. Cmwlth. 2009); *Prebella v. Board of Probation and Parole*, 942 A.2d 257, 260-61 (Pa. Cmwlth. 2008); *see also Sanders v. Pennsylvania Board of Probation and Parole*, 958 A.2d 582, 586 (Pa. Cmwlth. 2008).  Therefore, we conclude that this issue is devoid of merit.

Next, Randolph contends that the Board did not possess the authority to rescind his automatic parole date.  While section 6138(d)(3) of the Parole Code, 61

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

[4] We note that the Board's recommitment decision was issued on July 17, 2018, and Randolph did not file an administrative appeal until November 26, 2018, well after the 30-day time limitation for filing an administrative appeal.  The end result is that, absent extraordinary circumstances that are not readily apparent from the record, the Board lacked jurisdiction to entertain this particular appeal and should have dismissed it as untimely. *See* 37 Pa.Code §73.1(a)(1), (b)(1); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1095 and n.4 (Pa. Cmwlth. 1993). Nonetheless, the Board addressed the recommitment issue in its August 25, 2019 order, and so will we.

5

Pa.C.S. §6138(d)(3), lists time periods for automatic reparole based upon the number of prior recommitments as a TPV, section 6138(d)(5)(i) provides that automatic reparole "shall not be applicable to a parolee who . . . committed a disciplinary infraction involving assaultive behavior[.]" 61 Pa.C.S. §6138(d)(5)(i). Here, according to the Automatic Reparole Rescission Report, the

> [m]isconduct report from Clinton County Correction Facility reflects that [] Randolph committed [a] misconduct[] for fighting . . . . The misconduct[] occurred on 08/19/2018 when he got into an argument with another inmate. [Randolph] then followed this inmate back to his bunk area and choked him by placing both hands around his throat. This also caused the other inmate to hit his head on the bunk. The incident was over cornbread. [Randolph] denied the misconduct of fighting, but based on video evidence the prison found him guilty . . . .

(C.R. at 54.) Based on these facts, the Board concluded that Randolph committed a disciplinary infraction involving assaultive behavior. (C.R. at 54-56.)

In the prison disciplinary context, "assaultive behavior is defined under the ordinary dictionary definition of assault." *Malarik v. Pennsylvania Board of Probation and Parole*, 25 A.3d 468, 470 (Pa. Cmwlth. 2011) (internal alterations omitted). Applying this understanding of the term, this Court has construed it to include, *inter alia*, "a threat or attempt to inflict offensive physical contact or bodily harm on a person (as by lifting a fist in a threatening manner) that puts the person in immediate danger of or in apprehension of such harm or contact." *Id.* Given the nature of the physical confrontation, at bare minimum, Randolph's act of choking another inmate constitutes an attempt to inflict bodily harm on that inmate. *Cf. Commonwealth v. Emler*, 903 A.2d 1273, 1278 (Pa. Super. 2006). Consequently, the Board did not err in determining that Randolph engaged in assaultive behavior and rescinding his

6

automatic reparole date for that reason. This Court concludes, accordingly, that Randolph's contentions challenging the Board's decision in these regards are meritless.

We address Randolph's remaining arguments briefly. Randolph asserts that, following his recommitment, the Department of Corrections (DOC) should have segregated him from county and federal inmates. To the contrary, "an inmate does not have a right to be housed in a particular facility or in a particular area within a facility," 37 Pa. Code §37.11, and it is entirely within the discretion of the DOC "to determine where inmates are housed." *Lopez v. Department of Corrections*, 119 A.3d 1081, 1085 (Pa. Cmwlth. 2015). Without a specific statute or regulation mandating certain housing arrangements and/or segregation among certain classes of inmates, Randolph's claim lacks merit.

Randolph also asserts that the Board's decision to recommit him and rescind automatic reparole violates principles of double jeopardy and due process, as well as the fruit of the poisonous tree doctrine. However, these constitutional claims have been rejected by this Court. *See, e.g.*, *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998); *Santo v. Pennsylvania Board of Probation and Parole*, 568 A.2d 296, 298 (Pa. Cmwlth. 1990); *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989); *Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984). Moreover, originating as a deterrent to unconstitutional searches and seizures under the Fourth Amendment[5] in criminal proceedings, the fruit of the poisonous tree doctrine is inapplicable to parole revocation and recommitment proceedings. *See Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 364-69 (1998). Therefore, we conclude that Randolph's remaining issues are meritless.

---

[5] U.S. Const. amend. IV.

Having concluded that the issues raised by Randolph lack any basis in law and/or fact, we affirm the Board's order.

                                        _____

                                          PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelo Shawn Randolph,    :
     Petitioner   :
            :  No.  586 C.D. 2019
    v.      :
            :
Pennsylvania Board of Probation :
and Parole,       :
     Respondent  :

## ***ORDER***

AND NOW, this 15th day of January, 2020, the Application for Leave to Withdraw as Counsel filed by David Crowley, Esquire (Counsel), of the Centre County Public Defender's Office, is GRANTED, and the April 25, 2019 order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

           _____
           PATRICIA A. McCULLOUGH, Judge