IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tramale Lockett,                          :
                         Petitioner       :
                                          :
              v.                          :
                                          :
Pennsylvania Board                        :
of Probation and Parole,                  :    No. 1453 C.D. 2015
                         Respondent       :    Submitted: December 18, 2015


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                FILED: May 4, 2016


        Tramale Lockett (Lockett) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) July 22, 2015 order denying him administrative relief. Essentially, Lockett presents one issue for this Court's review: whether sufficient evidence supports the Board's May 13, 2015 decision denying Lockett automatic re-parole. After review, we affirm.

        Lockett is an inmate currently incarcerated at the Centre County Correctional Facility (CCCF). Lockett was sentenced to three to six years' incarceration for Violation of Probation - Firearm Not to be Carried Without a License. The original minimum and maximum sentence release dates were June 21, 2013 and June 21, 2016, respectively. The Board initially paroled Lockett from this sentence on August 5, 2013 to reside in the Alle-Kiski Pavilion. Lockett subsequently absconded from parole supervision staff on October 11, 2013, and the Board declared him delinquent. Agents arrested Lockett for parole violations on October 28, 2013. On October 31, 2013, Lockett waived his right to a preliminary hearing and a violation hearing, and admitted to violating the following parole

conditions: (1) leaving the Pittsburgh district without permission; (2) change of residence without permission; (3A) failure to report; and (7) failure to complete the Alle–Kiski Pavilion program. The Board, however, did not immediately revoke Lockett's parole based on the admission/waiver. Instead, the Board chose to hold that decision in abeyance pending Lockett's completion of his required programs. Lockett was sent to Renewal Inc. to participate in the programs. Lockett failed to complete the programs at Renewal Inc. and was discharged due to repeatedly threatening staff at the center. As a result, by May 16, 2014 decision, the Board recommitted Lockett as a technical parole violator to serve six months in a state correctional institution/contracted county jail (SCI/CCJ) for violating the four parole conditions to which he previously admitted. The Board also recalculated his maximum sentence release date from June 21, 2016 to July 8, 2016 based on the violations.

Lockett was automatically re-paroled from this sentence on May 25, 2014 to the Alle-Kiski Pavilion. Lockett absconded from parole supervision staff on July 4, 2014 and the Board again declared him delinquent. On September 11, 2014, agents arrested Lockett for parole violations. That same day, Lockett waived his right to a preliminary hearing and a violation hearing and admitted to violating the following parole conditions: (1) leaving the Pittsburgh district without permission; (2) change of residence without permission; (3A) failure to report; and (7) failure to complete the Alle-Kiski Pavilion program. This time, the Board determined that Lockett could not be safely diverted in the community and immediately processed his waiver/admission. By October 16, 2014 decision, the Board recommitted Lockett to serve nine months in a SCI/CCJ as a technical parole violator for the four violations that he admitted to on September 11, 2014. This decision also recalculated Lockett's maximum sentence release date from July 8, 2016 to September 15, 2016, and his

2

new automatic re-parole date was June 11, 2015. Lockett was placed in the CCCF following his recommitment as a technical parole violator.

On March 11, 2015, Lockett got into a fight with another inmate. The CCCF conducted a misconduct hearing on March 23, 2015 and charged Lockett with: Charge 110 - Assault: attempting to cause or threatening bodily harm to staff, visitors or inmates; Charge 134 - Fighting or inciting a fight; and Charge 139 - Presence or entering into another cell/dorm room. Lockett pled guilty to Charge 134 - Fighting or inciting a fight, but he was found not guilty of the remaining charges, including assault. Because re-parole is not automatic for a parolee who commits a disciplinary infraction "involving assaultive behavior," the Board voted to deny Lockett automatic re-parole. Section 6138(d) of the Prison and Parole Code, 61 Pa.C.S. § 6138(d). By May 13, 2015 decision, the Board deleted the June 11, 2015 automatic re-parole date set forth in the October 16, 2014 decision. On May 18, 2015, the Board received an administrative appeal from Lockett objecting to the decision denying him automatic re-parole. By response mailed July 22, 2015, the Board denied Lockett's appeal and affirmed its May 13, 2015 decision. Lockett appealed to this Court.[1]

Lockett first argues that substantial evidence does not support the Board's decision to rescind his automatic re-parole date based on his misconduct because he was acquitted of the assault charge at his prison misconduct hearing. We disagree.

Section 6138(d) of the Prison and Parole Code provides in relevant part:

> **Recommitment to correctional facility.--**A technical violator recommitted to a State correctional institution or a

---

[1] "Our review in a parole revocation action is limited to determining whether the findings were supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law." *Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.3 (Pa. Cmwlth. 2010).

contracted county jail under subsection (c) shall be recommitted as follows:

. . . .

(3) Except as set forth in paragraph (4) or (5), **the parolee shall be recommitted for one of the following periods, at which time the parolee shall automatically be re[-]paroled without further action by the [B]oard**:

(i)   For the first recommitment under this subsection, a maximum period of six months.

(ii)   For the second recommitment under this subsection for the same sentence, a maximum of nine months.

(iii)   For the third or subsequent recommitment under this subsection for the same sentence, a maximum of one year.

(4) The parolee may be re[-]paroled by the board prior to expiration of the time period under paragraph (3) if the board determines that it is in the best interest of the Commonwealth and the parolee.

(5) **The time limit under paragraph (3) shall not be applicable to a parolee who**:

(i)   **Committed a disciplinary infraction involving *assaultive behavior***, sexual assault, a weapon or controlled substances;

(ii)   Spent more than 90 days in segregated housing due to one or more disciplinary infractions; or

(iii)   Refused programming or a work assignment.

61 Pa.C.S. § 6138(d) (text emphasis added).  This Court has held:

‘The Board has broad discretion to administer the parole laws, and the Court will defer to the Board’s interpretation of its regulations if it is consistent with statutory authority and is not clearly erroneous.’ *Jackson v. [Pa.] Bd. of Prob. [&] Parole,* 885 A.2d 598, 601 (Pa. Cmwlth. 2005). Relative to assaultive behavior, this Court has stated:

4

Although the Board's regulations require that parolees refrain from assaultive behavior, the regulations do not provide a definition of 'assault.' 37 Pa. Code § 63.4(5)(iii) (relating to general conditions of parole). However, this Court recognizes '[a]ssaultive behavior encompasses a broader category of actions than would the crime of assault, and thus actions that would not constitute a crime may nonetheless be sufficient grounds for revocation of parole.' *Jackson . . . ,* 885 A.2d [at] 601 . . . .

Moreover, in the context of parole violations, assaultive behavior is defined under the ordinary dictionary definition of assault. *Moore v. Pa. Bd. of Prob. & Parole, . . .* 505 A.2d 1366 ([Pa. Cmwlth.] 1986). Webster's Collegiate Dictionary, 73 (11th ed. 2003) defines assault as: '1 a: [A] violent physical or verbal attack. . . . [and] 2 a: [A] threat or attempt to inflict offensive physical contact or bodily harm on a person (as by lifting a fist in a threatening manner) that puts the person in immediate danger of or in apprehension of such harm or contact.'

*Flowers v.* [*Pa.*] *Bd. of Prob.* [*&*] *Parole,* 987 A.2d 1269, 1271–72 (Pa. Cmwlth. 2010).

*Malarik v. Pa. Bd. of Prob. & Parole,* 25 A.3d 468, 470 (Pa. Cmwlth. 2011).

Here, it is undisputed that by October 16, 2014 decision, the Board recommitted Lockett as a technical parole violator to serve nine months, and Lockett had a right to be automatically re-paroled from that recommitment on June 11, 2015. It is also undisputed that while incarcerated at CCCF, Lockett's fight with another inmate resulted in charges of assault, fighting or inciting a fight, and presence or entering into another cell/dorm room after conducting a disciplinary hearing. At the prison misconduct hearing, Lockett pled guilty to the fighting charge. According to the CCCF Disciplinary Hearing Report:

**The inmate was found Guilty of** [C]**harge 134** [**fighting or inciting a fight**] **since the video footage shows the two inmates throwing punches at each other**. The inmate was found Not Guilty of [C]harge 110 [assault; attempting to

5

cause or threatening bodily harm to staff, visitors or inmates] since it appears to be a mutual fight.

Certified Record at 67 (emphasis added). Because "the Board has broad discretion to administer the parole laws, and the Court will defer to the Board's interpretation of its regulations if it is consistent with statutory authority and is not clearly erroneous" and fighting, i.e., throwing a punch at another inmate, is clearly a "violent physical . . . attack. . . . [and] [or a] threat or attempt to inflict offensive physical contact or bodily harm on a person (as by lifting a fist in a threatening manner) that puts the person in immediate danger of or in apprehension of such harm or contact[,]" the Board properly rescinded Lockett's automatic re-parole date based on his assaultive behavior. *Malarik,* 25 A.3d at 470.

Lockett further asserts that the Board is collaterally estopped from finding that Lockett committed assaultive behavior because he was acquitted of the assault charge. Lockett cites *Commonwealth v. Brown,* 469 A.2d 1371 (Pa. 1983) to support his position that once a petitioner is acquitted of a crime, parole cannot be revoked for participation in that same crime. However, the issue in *Brown* was whether Brown's parole could be revoked based solely on a robbery charge of which he had been acquitted. The *Brown* Court opined:

> [T]he problem presented in this law suit is merely whether the Commonwealth, after having elected to defer to the judgment of the jury, should be given the additional opportunity to re[-]litigate the same issue applying a preponderance of the evidence test. We do not believe that there is any justification for such a disparity. As has been noted[,] the probationer is bound in a subsequent revocation hearing by an earlier verdict of guilt. Moreover, in electing to defer the judgment in the first instance[,] the Commonwealth has impinged upon the probationer's right to a 'speedy' revocation hearing and disposition. Under all of these circumstances, it is clear that such an option would not only be unseemly but fundamentally unfair.

*Id.* at 1377-78 (citation omitted). Here, Lockett was acquitted of the misconduct charge of assault, but he was found guilty of fighting. As assault and fighting both fall within the ambit of assaultive behavior, an acquittal of one does not collaterally estop a finding of assaultive behavior for the other. Accordingly, *Brown* is not controlling.

For all of the above reasons, the Board's order is affirmed.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tramale Lockett, :
                    Petitioner :
                     :
                     :
               v. :
                     :
Pennsylvania Board :
of Probation and Parole, : No. 1453 C.D. 2015
               Respondent :

PER CURIAM

## O R D E R

AND NOW, this 4th day of May, 2016, the Pennsylvania Board of Probation and Parole's July 22, 2015 order is affirmed.