# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| David C. McIntosh, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1719 C.D. 2024 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | Submitted: March 3, 2026 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE MATTHEW S. WOLF, Judge

**<u>OPINION NOT REPORTED</u>**

MEMORANDUM OPINION BY
JUDGE WOLF                                                  FILED:  April 23, 2026

David C. McIntosh (McIntosh) petitions for review of the final determination of the Pennsylvania Parole Board (Board) mailed November 27, 2024. The Board affirmed its prior decision recorded September 25, 2024, denying McIntosh's request for administrative relief from that decision. After careful review, we affirm.

The Board first granted McIntosh parole by action recorded February 26, 2010, and he was released on parole May 20, 2010, with a controlling maximum sentence date of November 14, 2018. Certified Record (C.R.) at 5-8. On August 26, 2016, the sheriff of Catawba County, North Carolina arrested McIntosh on state charges of trafficking in illegal drugs and unlawfully possessing a firearm. *Id.* at 12. On September 12, 2018, United States Marshals arrested McIntosh in the Western

District of North Carolina, and on January 11, 2019, McIntosh pleaded guilty there to federal felony charges for conspiracy and distribution of controlled substances. *Id.* at 20. McIntosh was sentenced to 10 years of incarceration in federal prison. *Id.* at 14. On June 14, 2024, McIntosh was returned to a state correctional institution following his release from federal prison. *Id.* at 20, 96.

The Board conducted a parole revocation hearing on August 28, 2024, at which McIntosh was represented by counsel. C.R. at 23-24. The Board prepared a hearing report revoking McIntosh's parole. *Id.* at 88. By action recorded September 25, 2024, the Board recommitted McIntosh as a convicted parole violator (CPV) to serve 24 months' backtime. *Id.* at 103-04. The Board awarded only partial credit for time at liberty on parole because McIntosh's federal conviction involved conspiracy to distribute a significant amount of illegal drugs. *Id.* The Board recalculated McIntosh's maximum sentence date as September 3, 2026. *Id.*

On November 4, 2024, McIntosh filed a request for administrative relief with the Board, arguing the Board had improperly required him to serve his federal sentence before his state sentence and only awarded partial credit for time at liberty on parole. *Id.* at 105-07. In a decision mailed November 27, 2024, the Board denied McIntosh's administrative appeal and affirmed its September 25, 2024 decision. *Id.* at 108-09. The Board reasoned:

> The Prisons and Parole Code [(Parole Code)] gives the Board statutory authority to recalculate the maximum dates of convicted parole violators to reflect that they receive no credit for the time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2) . . . . In this case, the Board in its discretion awarded partial credit from the date of [McIntosh's] release (5/20/2010) until the date of his initial arrest for the current conviction (8/25/2016).
>
> Next, the [Parole Code] provides that a [CPV] who was

2

released from a state correctional institution [(SCI)] and receives a new sentence by a Federal court or by a court of another jurisdiction must serve the original sentence first, and *those terms must be served consecutively.* 61 Pa. C.S. § 6138(a)(5.1). However, that provision is contingent on federal authorities actually releasing [] McIntosh to return to the SCI. The Board has no mechanism to remove a federal inmate from serving a sentence in federal custody, nor can it compel federal authorities to comply with the statute. Thus, [McIntosh] became available to commence service of his original sentence on June 14, 2024 when he completed his federal sentence.

*Id.* (emphasis original) (some internal citations omitted). McIntosh petitioned this Court for review.

On appeal,[1] McIntosh raises two issues. First, he argues the remainder of his state sentence should have been served before, not after, his federal sentence. Second, he argues the Board abused its discretion in awarding only partial credit for time served.

As to the order of sentences, McIntosh relies on a decision where we held the Board did not timely conduct a parole revocation hearing when a parolee received a federal sentence. *See Fumea v. Pa. Bd. of Prob. & Parole*, 147 A.3d 610, 611-20 (Pa. Cmwlth. 2016). We determined the parolee was available to the Board because he was not then in federal custody, so the Board should have held the revocation hearing within 120 days of the federal sentencing. *Id.* Failing to do so required dismissal of the parole violation matter. *Id.* McIntosh argues the Board here did not hold the revocation hearing until years after his federal sentencing in 2019, even though it knew of his federal charges. He claims this is unexplained as

---

[1] Our review of a Board decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

in *Fumea*, and because the Parole Code requires service of the state sentence first, his backtime is unlawful. The Board responds McIntosh waived any challenge to timeliness by failing to raise it at the hearing, and even if preserved, McIntosh was in federal custody immediately upon his federal sentencing, preventing the Board from asserting jurisdiction until his federal release in August 2024.

We agree McIntosh waived any timeliness issue. The transcript of the revocation hearing contains no mention of *Fumea* or timeliness. *See* C.R. at 23-49. Failure to raise the issue before the Board results in waiver. *See Malarik v. Pa. Bd. of Prob. & Parole*, 25 A.3d 468, 469 (Pa. Cmwlth. 2011). For completeness, however, we will address the argument. "[W]hen a parolee is in federal custody, confined in a federal facility, or is otherwise unavailable, the Board's duty to hold a revocation hearing, or take other action beyond issuing a detainer, is deferred until the parolee is returned to a SCI." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017). Further, the Parole Code's requirement that the original sentence be served first and consecutively with the second is only operative once parole is revoked, not before. *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019). We conclude the Board did not err in revoking parole after McIntosh's release from federal custody and requiring him to serve backtime on the state sentence.

Finally, McIntosh argues the Board's explanation for partially denying credit for street time is inadequate. He explains the Board awarded credit from his parole in 2010 through August 25, 2016, when North Carolina authorities arrested McIntosh on state charges, which were ultimately dismissed. It was not until 748 days later, on September 12, 2018, that the federal charges were filed. McIntosh argues the Board's stated reason for withholding credit applies only to the federal

4

charges, so the 748 days preceding them should be credited as well. The Board responds it has statutory discretion to award any amount of credit, including no credit. It states its explanation relying on conspiracy to distribute large amounts of illegal drugs is supported by the federal indictment, which shows McIntosh's involvement in a large drug distribution conspiracy as early as 2016, and the federal indictment was filed years after the conspiracy began.

We agree with the Board that its explanation for the partial credit award is sufficient. It must only give a contemporaneous reason for the decision that is consistent with the Parole Code. *See Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017). Here, the Board's stated reason and the dates for which it denied credit are supported by the record, and specifically by McIntosh's guilty plea. We find no abuse of discretion in the Board's credit decision.

Accordingly, we affirm the Board's final determination.


_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David C. McIntosh,             :
           Petitioner      :
                             :
          v.                     :    No.  1719 C.D. 2024
                             :
Pennsylvania Parole Board,      :
          Respondent    :

## **O R D E R**

AND NOW, this 23rd day of April 2026, the final determination of the Pennsylvania Parole Board mailed November 27, 2024, is AFFIRMED.

 

                                     _____

                                     MATTHEW S. WOLF, Judge